IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AMBER FORD, et al., | § § § |
| Plaintiffs, | § § |
| v. | §   Case No. 6:19-cv-384-JDK |
| ANDERSON COUNTY, TEXAS, et al., | § § § |
| Defendants. | § § § |

# MEMORANDUM OPINION AND ORDER

Plaintiffs brought this 42 U.S.C. § 1983 lawsuit alleging that Defendants violated the Fourteenth Amendment rights of Rhonda Gay Newsome, a pretrial detainee who died at the Anderson County Jail. The Court previously granted qualified immunity to the individual Defendants because Plaintiffs presented no evidence of a constitutional violation. Docket No. 248. The last remaining Defendant, Anderson County, now seeks summary judgment. The County argues that it is not liable under § 1983 because "no underlying constitutional violation exists." Docket No. 256 at 14. Alternatively, the County argues that its "policies, customs, and practices were constitutionally permissible and there is no evidence to the contrary." *Id*. at 17. The Court agrees on both points.

Accordingly, the County's motion is **GRANTED**.

## I.

The facts of this case are discussed at length in the Court's prior Memorandum Opinion and Order. Docket No. 248.

1

In short, Newsome was arrested in March 2018 and detained at the Anderson County Jail on a charge of Aggravated Assault with a Deadly Weapon. *Id*. at 2. She remained at the jail until her death on June 15, 2018. While in custody, the nurse and physician working for the jail evaluated her, instituted a treatment plan to "continue the medications that she was on," and treated her on multiple occasions for minor medical issues like acid reflux, lower back pain, and flatulence. *Id*. at 2–5. On June 14, Newsome began vomiting and experiencing stomach pain and pain in her right flank. *Id*. at 5. Jail staff contacted the nurse, who personally examined Newsome around midnight and then consulted with the physician. *Id*. Neither the nurse nor any jail staff member believed that Newsome was experiencing a serious medical crisis at that time. *Id*. at 6. Nevertheless, Newsome was placed on medical observation and moved to a holding cell where she could be observed more closely. *Id*.

On the morning of June 15, the nurse again examined Newsome at the jail. *Id*. at 7. He drew a blood sample and gave Newsome over-the-counter medication to treat her nausea and pain. *Id*. Although the nurse did not believe Newsome needed hospitalization, he offered anyway, and she declined. *Id*. Jail staff continued monitoring Newsome, checking on her at least eighteen times during the day on June 15. The staff uniformly testified that they believed Newsome "did not feel good" but was not experiencing a medical emergency. *Id*. at 8. Later in the afternoon, jail staff assisted Newsome to the toilet. Shortly thereafter, they noticed her unresponsive. *Id*. at 9. Staff immediately attempted to resuscitate Newsome,

called the nurse, and called emergency medical services. Newsome was pronounced dead at the hospital at 5:37 p.m. *Id*. at 10. The autopsy indicated that she had died of "complications due to Addison's disease, hypertensive and atherosclerotic cardiovascular disease, obesity, and pulmonary emphysema." *Id*.

Plaintiffs then sued several jailers, nurse Timothy Green, Dr. Adam Corley, Sheriff Greg Taylor, and Anderson County. Plaintiffs alleged that Defendants were deliberately indifferent to Newsome's serious medical needs and thus violated her Fourteenth Amendment rights as a pretrial detainee. Docket No. 51. All Defendants except Anderson County asserted qualified immunity and moved for summary judgment.

The Court granted the motions, concluding that Plaintiffs had failed to present evidence that any Defendant acted with deliberate indifference, or that any Defendant's conduct was objectively unreasonable in light of clearly established law. Docket No. 248 at 23, 31, 36–37, 41–44, 48, 50. With respect to the claims against Sheriff Taylor, the Court further held that Plaintiffs presented no evidence that Taylor (1) implemented an unconstitutional policy or failed to train or supervise jail staff with respect to the medical treatment of detainees, (2) implemented an unwritten policy prohibiting jail staff below the rank of sergeant from contacting emergency medical services without permission from medical staff, or (3) implemented a policy requiring staff to secure a personal recognizance bond when detainees needed hospital treatment. *See id*. at 23–29.

Anderson County now moves for summary judgment on its own behalf and on behalf of former Sheriff Taylor in his official capacity.[1]

## II.

Under 42 U.S.C. § 1983, any person who, acting under color of law, deprives a citizen "or other person . . . of any rights, privilege, or immunities secured by the Constitution and the laws . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983; *see also, e.g.*, *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Under § 1983, municipalities "may be liable where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). A plaintiff must also "demonstrate that the policy was implemented with 'deliberate indifference' to the 'known or obvious consequences' that constitutional violations would result." *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997)).

---

[1] Suits against policymakers, such as Sheriff Taylor in his official capacity, are considered claims against the municipality. *See, e.g.*, *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). Accordingly, the Court's determination as to Anderson County's liability resolves Plaintiffs' claims against Sheriff Taylor in his official capacity.

4

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material only if it will affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if the evidence could lead a reasonable jury to find for the nonmoving party. *See id.* Plaintiffs must do more than make conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation, but must assert competent summary judgment evidence to create a genuine fact issue. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Matsushita*, 475 U.S. at 586. The Court views all inferences drawn from the factual record in the light most favorable to the nonmoving party, here Plaintiffs. *Id.*; *Matsushita*, 475 U.S. at 587. However, when drawing justifiable inferences in favor of the nonmoving party, courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment," and with regard to the latter, courts "must accord deference to the views of prison authorities." *Beard v. Banks*, 548 U.S. 521, 529–30 (2006). Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

### III.

The County seeks summary judgment on two independent grounds. First, it argues that it "cannot be held liable under § 1983 where there is no underlying constitutional violation." Docket No. 256 at 14. Second, the County contends that its "policies, customs, and practices were constitutionally permissible and there is no evidence to the contrary." *Id.* at 17–25. The Court addresses each point in turn.

### A.

"[A] municipality cannot be liable '[i]f a person has suffered no constitutional injury at the hands of the individual police officer.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *see also, e.g.*, *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) ("[I]f plaintiff does not show any violation of his constitutional rights—then there exists no liability to pass through to the county."); *Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 183 (5th Cir. 2020) ("Because [plaintiff] has failed to plead a violation of any constitutional right, much less a clearly established one, the officers are entitled to qualified immunity. Consequently, the claims against [the sheriff] in his official capacity fail as well.") (citation omitted); *Cook v. Hopkins*, 795 F. App'x 906, 918 (5th Cir. 2019) ("[B]ecause we have found no constitutional violations on the part of the Individual Defendants, the City cannot be subjected to municipal liability.").

Here, after evaluating the evidence and drawing all reasonable inferences in favor of Plaintiffs, the Court concluded that Newsome suffered no constitutional

6

injury. While Newsome's death in custody was tragic, there was no evidence that any Defendant had been aware of a substantial risk to Newsome's health or acted with deliberate indifference. *See* Docket No. 248. Nor was there evidence that any Defendant's conduct was objectively unreasonable in light of clearly established law. Instead, the evidence demonstrated that the individual Defendants responded to and treated Newsome as best they could under the circumstances and with limited knowledge of her true condition. *See id.*

Accordingly, and for this reason alone, the County is entitled to summary judgment. *See Heller*, 457 U.S. at 799.

**B.**

Summary judgment is also proper because Plaintiffs present no "[p]roof of municipal liability sufficient to satisfy *Monell*." *Pineda*, 291 F.3d at 328 (citing *Monell*, 436 U.S. at 694). In responding to the County's summary judgment motion, Plaintiffs mention only two alleged unwritten policies that purportedly led to Newsome's death: (1) a "policy that prohibits staff members from calling EMS [emergency medical services]" and (2) "the jail's PR [personal recognizance] bond policy."[2] Docket No. 259 at 10.

---

[2] In their complaint, Plaintiffs alleged a "failure to train" policy, *see* Docket No. 51 ¶¶ 105–10, which the Court rejected in the prior Memorandum Opinion and Order. Plaintiffs, however, fail to mention this alleged policy in opposing the County's motion. *See* Docket No. 259. "When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." *Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019). Plaintiffs' "PR bond policy" allegation was not included in the complaint and was raised for the first time in responding to the summary judgment motions. *See* Docket No. 248 at 28. It is therefore "not properly before the court," *see Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021), but the Court will nonetheless consider it here. *See* Docket No. 248 at 28–29.

The Court previously addressed both alleged policies in granting summary judgment to Sheriff Taylor. Docket No. 248. After reviewing the record evidence, the Court concluded that there was nothing to substantiate them—no evidence that either policy existed, no evidence of a causal connection between the alleged policies and Newsome's death, and no evidence that Sheriff Taylor implemented the policies with deliberate indifference. *Id.* at 26–29. Rather, the evidence demonstrated that the County had a robust program to train jail staff to monitor and treat detainees with medical conditions and to provide emergency medical care when necessary. *Id.* at 25.

Plaintiffs cite nothing new to challenge these conclusions. Plaintiffs instead rely on the same evidence the Court previously considered and reference a couple of vague and limited comments from Sheriff Taylor expressing budgetary concerns. *See* Docket No. 259 at 11–13 (citing *id.*, Exs. A, F, H, I, and J). This is insufficient to establish municipal liability under *Monell*. *See Pineda*, 291 F.3d at 328.

## IV.

For the foregoing reasons, the Court **GRANTS** Defendant Anderson County's motion for summary judgment (Docket No. 256). Plaintiffs' claims against Anderson County (and, by extension, Sheriff Greg Taylor in his official capacity) are **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED as moot**.

So **ORDERED** and **SIGNED** this **29th** day of **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE